[Civ. No. 8876. Third Dist. Apr. 30, 1956.]

LEWIS J. BERG, Respondent, v. LAWRENCE SPRINGER, Appellant.

Cyril Saunders for Appellant.

John R. Aye for Respondent.

VAN DYKE, P. J.—This is an appeal from a money judgment in an action on a promissory note. The complaint con-

tains the usual allegations as to the execution of the note and then in paragraph II alleges: ''That the defendant has not paid the same or any part thereof, except the sum of Four Thousand Dollars ($4,000.00) paid on the 15th day of June, 1954.'' Plaintiff asked judgment for $2,250 unpaid principal, plus accumulated interest and attorney's fees. Defendant's answer admitted the execution of the note and denied ''the Plaintiff's allegations set forth in paragraph II. . . .'' When the case came on for trial plaintiff, as a witness, produced the note. He testified to its execution, to the fact that $4,000 had been paid as alleged, and said that there had been no other payments. Defendant endeavored to prove that another payment had been made upon the note which fully discharged the same, but upon objection of the plaintiff this proof was rejected. The basis of the court's ruling was that payment must have been specially pleaded else no issue thereon was raised; that defendant's general denial of the allegations of paragraph II was insufficient to raise the issue of payment. This ruling having been made, defendant asked leave to amend his answer to specially plead payment and leave was denied. Judgment was thereupon entered as prayed for.

Whether or not a general denial of the negative allegations of nonpayment contained in a complaint such as this sufficiently presents an issue of payment is a matter of considerable confusion in the case law of this and other states. An exhaustive annotation upon the subject is to be found in 100 American Law Reports, beginning at page 264, the annotation following the report of *Hughes* v. *Wachter,* 61 N.D. 513 [238 N.W. 776, 100 A.L.R. 255]. We think it unnecessary to discuss the subject here because even if we should rule that evidence of payment could not be introduced under the pleadings as here made up we would yet be compelled to reverse the judgment appealed from. ■ We hold it was an abuse of discretion on the part of the trial court to refuse, under the circumstances of this case, the request of the defendant for leave to amend his answer in order to present properly the issue of payment. It is apparent from the pleadings filed and from the proceedings in the trial court shown by the settled statement on appeal that plaintiff and his counsel were aware that defendant relied upon the defense of payment and that defendant had at least made an effort, even if an ill-advised one, to raise the issue by denying the plaintiff's allegations of nonpayment. Indeed, respondent in his brief

says: "It was obvious that appellant had from the first intended to rely upon payment as a matter of defense." There was no effort to show any detriment to plaintiff through the failure to properly and specially plead the defense of payment. When met with the objection that his pleading was defective, defendant asserted to the court his intention to prove that the note had been fully paid. He ought to have been granted permission to correct his pleading so as to present the issue.

Defendant had pleaded by way of cross-complaint a cause of action in slander, but had not, upon filing the same, filed a bond which section 830 of the Code of Civil Procedure requires shall be filed "before issuing a summons in an action for libel or slander."

This case was tried March 3, 1955, and apparently the Supreme Court decision in *Kennaley* v. *Superior Court*, 43 Cal.2d 512 [275 P.2d 1], handed down in October, 1954, and holding that the code section was not applicable to a cross-complaint, was not drawn to the attention of the court. At the trial plaintiff moved to dismiss the slander count for failure to file the bond and the court granted the motion. It is here conceded that this was error under the ruling in *Kennaley* v. *Superior Court*.

The judgment appealed from is reversed with instructions to the trial court to permit defendant to amend his answer to allege payment of the promissory note sued on and further to set aside the court's order dismissing the cross-complaint for failure to file a bond for costs.

Peek, J., and Schottky, J., concurred.