[No. 11723.   In Bank. — February 9, 1887.]

## C. W. CRAMER, RESPONDENT, *v.* B. E. TITTLE ET AL., APPELLANTS.

CONSTITUTIONAL LAW — CORPORATIONS AS SOLE SURETY — ACT OF MARCH 12, 1885 — UNDERTAKING ON APPEAL. — The act of March 12, 1885, providing that a corporation organized under the laws of any of the United States for the purpose of making and guaranteeing bonds and undertakings required by law may be accepted as a sole and sufficient surety on such bonds and undertakings, is not in conflict with article 4, section 25, subdivision 3, of the constitution, prohibiting the passage of special laws regulating the practice of courts of justice; and an undertaking on appeal given in pursuance of the act is valid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

In order to perfect the appeal, the appellants filed an undertaking by the Pacific Surety Company, a corporation organized under the laws of California for the purpose of furnishing bonds of suretyship, as the only surety. The undertaking was given in pursuance of the act of March 12, 1885, entitled " An act to facilitate the giving of bonds required by law." Section 1 of that act provides that "whenever any person who now or hereafter may be required or permitted by law to make, execute, and give a bond or undertaking with one or more sureties, conditioned for the faithful performance of any duty, or for the doing or not doing of anything in said bond specified, any head of department, board, court, judge, officer, or other person who is now or shall hereafter be required to approve the sufficiency of any such bond or undertaking, or the sureties thereon, may accept as sole and sufficient surety on such bond or undertaking, any corporation incorporated under the laws of any state of the United States, for the purpose of making or guaranteeing bonds and undertakings required by law." The respondent moved to dismiss the appeal on the ground that no sufficient undertaking on appeal had been filed.

*Van Ness & Roche, Hall & Rodgers, John H. Boalt,* and *Robert Ash,* for Appellants.

The act of March 12, 1885, is a general law, and is free from the objection that it is special legislation, whether it regulates practice in courts of justice, or not. (*McAnnich* v. *M. R. R.,* 20 Iowa, 338; *Connor* v. *Mayor,* 5 N. Y. 285; *People* v. *Stephens,* 2 Abb. Pr. 348; *Williams* v. *People,* 24 N. Y. 405; *Bishop* v. *Oakland,* 58 Cal. 574.)

If the act is general in its operation, it is not within

the prohibition contained in subdivision 3 of section 25 of article 4 of the constitution, against the passage of local or special laws regulating the practice of courts of justice.

*John J. Coffey*, and *W. H. Tompkins*, for Respondent.

The act in question is unconstitutional as being special legislation. (Const., art. 4, sec. 25, subd. 3.)

The COURT. — We are of opinion that the undertaking in this case is valid. The statute is a general law, and not an amendment to the Code of Civil Procedure in the sense of the provision of the constitution referred to. The statute is constitutional.

Motion to dismiss appeal denied.