[Civ. No. 9564. Second Appellate District, Division One.—September 13, 1934.]

LEONARD J. WOODRUFF, Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation) et al., Appellants.

Everett H. Smith for Appellants.

Edward Fitzpatrick and Earl J. Opsahl for Respondent.

CONREY, P. J.—Respondent moves for dismissal of the appeal or for affirmance of the judgment under the provisions of Rule V, section 3. It is contended by respondent that the questions upon which the decision of the cause depends are so unsubstantial as to need no further argument.

An examination of appellants' opening brief and the statement of the grounds of appeal and of the questions involved leads us promptly to the conviction that the motion should be granted and that the judgment should be affirmed.

The undertaking on attachment in the prior action of *Coleman* v. *Woodruff* was a contract whereby the surety made its promise to the effect that if the defendant recover judgment in the action "the said plaintiff will pay all costs that may be awarded to the said defendant and all damages which he may sustain by reason of the said attachment, not exceeding", etc. The trial of that action resulted in a judgment that "The plaintiff takes nothing by his second amended complaint and the cross-complainant takes nothing by his cross-complaint and counter-claim. Each party bears his own costs."

On this appeal it is now contended by appellants that the attachment bond gave no right of action when the plaintiff merely failed to prevail in the principal action, and the defendant did not obtain an affirmative judgment. We think that the point is obviously without merit. The most direct and immediate purpose of an attachment bond is that the owner of property shall be protected against seizure of his property at the instance of a plaintiff who has sued without a valid claim against the defendant.

The second proposition stated by appellants, is as follows: "When a prior, valid attachment on defendant's place of business exists at the time of the levy in the principal action, and remains in existence throughout and beyond the dissolution of the attachment in question, such

prior attachment is the proximate cause of the loss or damage, if any.'' Conceding that this might be the general rule, such rule .has no application in this case where it has been shown that, notwithstanding the existence of a prior attachment on a claim many times less than the value of the attached property, such prior attachment was not being used to interfere with the business of the attachment debtor and the subsequent attachment alone caused the damage which was incurred.

The third question presented relates merely to the weight and effect of certain evidence and, when considered in connection with all of the evidence, furnishes no substantial ground of appeal.

The motion is granted and the judgment is affirmed.

York, J., and Hahn, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 5, 1934.