[Civ. No. 5243.   Third Appellate District.—March 23, 1935.]

SHELL OIL COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF SONOMA COUNTY et al., Respondents.

McCutchen, Olney, Mannon & Greene, Geary & Geary, C. J. Tauzer and Barrett & McConnell for Petitioners.

Toland C. McGettigan, L. G. Hitchcock and George H. Hauerken for Respondents.

THE COURT.—This is a petition to recall and modify the peremptory writ of prohibition which was previously issued by this court restraining the Superior Court of the State of California in and for the County of Sonoma from proceeding to try the libel suit entitled *"Kidwell et al.* v. *Shell Oil Company et al.",* number 20583, which is pending in that county, until adequate bonds are supplied by the plaintiffs as required by Statutes of 1871, page 533, Act 4317, volume 2, Deering's General Laws of California.

Upon a petition for a writ of prohibition this court determined that a single $500 bond furnished by all of the plaintiffs in the consolidated libel suits was inadequate to comply with the provisions of the statute, and upon the contrary that at least a bond of $500 was required to be filed by each plaintiff. (*Shell Oil Co. et al.* v. *Superior Court of the State of California in and for the County of Sonoma et al.,* 2 Cal. App. (2d) 348 [37 Pac. (2d) 1078].) Inadvertently the peremptory writ of prohibition was issued in that proceeding restraining the court from further proceedings in that case until adequate bonds in the amount of $500 shall have been furnished therein by each plaintiff to secure the costs and charges which may be awarded "to each of the defendants".

Upon this hearing to recall and modify the peremptory writ of prohibition, it is contended by the plaintiffs in the libel suit that the statute does not require a $500 bond to secure the costs and charges which may be awarded to each separate defendant in the suit. This court did not hold that a $500 bond must be filed by each plaintiff in the consolidated suits to separately secure each of the defendants in those suits to the full amount of $500. The defendants argue very convincingly that a single $500 bond furnished by each plaintiff to all of the defendants as a group may be insufficient to secure the actual costs and charges to which they may be entitled in the event that any of them may recover a judgment in their favor or that the action may be dismissed as to any such defendant, or as to all of them.

We are, however, persuaded that the statute does not require the furnishing of a bond which, under any and all circumstances, will fully compensate a defendant, or any number of defendants, who may be joined in a libel suit,

for all costs and charges which they may incur. The amount of a statutory bond which is required of each plaintiff in a libel suit, who instituted a separate or a consolidated action, has been arbitrarily fixed by the legislature at the sum of $500, as evidence of good faith in prosecuting the suit. The statute leaves no discretion on the part of the court to fix the amount of a bond in a libel suit so as to absolutely guarantee a defendant, or each defendant, reimbursement of all the costs and charges which he may incur in the suit. There is no language in the statute from which we may reasonably infer that when a libel suit is commenced by a plaintiff against several defendants jointly that a separate $500 bond shall be required to secure the costs and charges of each defendant. The bond which is required in this character of a case is strictly statutory. The courts are bound by the provisions of the statute. The statute provides in that regard:

"In an action for libel or slander the clerk shall, before issuing the summons therein, require a written undertaking on the part of the plaintiff in the sum of five hundred (500) dollars, with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action be dismissed or the defendant recover judgment, that they will pay such costs and charges as may be awarded against the plaintiff by judgment or in the progress of the action, or on an appeal, not exceeding the sum specified in the undertaking. An action brought without filing the undertaking required shall be dismissed."

It will be observed that the language of the statute specifically limits the liability of the sureties on the bond required to an amount "not exceeding the sum specified in the undertaking". It is reasonably conceivable that a single defendant against whom a libel suit is instituted may incur costs and charges greatly in excess of the sum of $500. Yet the statute does not contemplate that the sureties on the bond shall be liable for more than that limited sum. We must assume that the legislature, therefore, did not intend to require a bond that would necessarily be adequate to cover all costs incurred by one or more defendants in a libel suit. ▇ ▪ We are satisfied that section 14 of the Civil Code, which declares that the use of the singular number includes the plural, applies to the term "defendant" as it is used

in the statute requiring a plaintiff in a libel or slander suit to file a $500 bond to secure the payment of costs and charges incurred by "the defendant" in the event of a recovery of judgment, a dismissal of the case or upon appeal, and that the statute requires no other or greater bond than the amount specified even though several defendants may have been joined in the action.

The peremptory writ of prohibition is therefore recalled and modified to conform to the preceding opinion.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1935.