[S. F. No. 19071.   In Bank.   Oct. 22, 1954.]

THOMAS H. KENNALEY, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY, Respondent; FRANK D. HILL, Real Party in Interest.

Sidney L. Berlin and Byron J. Snow for Petitioner.

No appearance for Respondent.

Hancock, Elkington & Rothert and Frank V. Kington for Respondent and Real Party in Interest.

TRAYNOR, J.—Petitioner Kennaley brought an action for damages against Frank D. Hill for assault and battery, false arrest, and malicious prosecution. Hill filed an answer and a cross-complaint alleging a cause of action for slander, which occurred as part of the transaction set forth in the complaint as the foundation of petitioner's claim. Petitioner then filed a notice of motion to dismiss the cross-complaint on the ground that no undertaking had been filed by the cross-complainant as required by section 830 of the Code of Civil Procedure.* The motion was denied, and petitioner applies for a writ of prohibition.

The writ of prohibition may issue, if there is no other adequate remedy and the lower court is proceeding in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103; *Housing Authority* v. *Superior Court,* 35 Cal.2d 550, 556 [219 P.2d 457].)

Petitioner does not have another adequate remedy, if the court is required under section 830 to compel the filing of the undertaking or dismiss the cross-complaint. The order denying petitioner's motion to dismiss was not appealable. (Code Civ. Proc., § 963.) Although it could be reviewed on an appeal from a final judgment, that relief would be inadequate. If petitioner were forced to trial without the required security and had to await relief on an appeal from the final judgment, he would not have the benefit of the security "in the progress of the action," and the purpose of the statute would be defeated.

We therefore reach the question whether the court is proceeding in excess of its jurisdiction in refusing to dismiss the cross-complaint upon the cross-complainant's failure to file an undertaking pursuant to section 830. A court acts in excess of its jurisdiction, as that term is used in determining whether the writ of prohibition will issue, if it acts in violation of a statute defining its powers. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d. 280, 291, 303 [109 P.2d 942, 132 A.L.R. 715].) Section 830 provides that an

---

*"Before issuing the summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff in the sum of five hundred dollars ($500), with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action is dismissed or the defendant recovers judgment, they will pay the costs and charges awarded against the plaintiff by judgment, in the progress of the action, or on an appeal, not exceeding the sum specified. An action brought without filing the required undertaking shall be dismissed."

action for slander "shall be dismissed," if an undertaking is not filed, and it is clear that prohibition will lie in cases where the *plaintiff* in a slander action, after timely objection, fails to file the required undertaking. (*Shell Oil Co.* v. *Superior Court,* 2 Cal.App.2d 348, 352 et seq. [37 P.2d 1078]; see *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 288, 289.) ■ Although the filing of an undertaking is not necessary to vest jurisdiction in the first instance, and the defendant can waive the undertaking (*Shell Oil Co.* v. *Superior Court, supra,* 2 Cal.App.2d 348, 353-354; *cf. Bried* v. *Superior Court,* 11 Cal.2d 351, 354 [79 P.2d 1091]), no question of waiver is involved here, for the motion to dismiss was filed the day after the filing of the cross-complaint. We must therefore determine whether section 830 applies to a cross-complaint for slander as it does to a complaint alleging such a cause of action.

■ The undertaking provided for in section 830 must be filed *"Before issuing the summons* in an action for libel or slander."  (Italics added.)  Section 832 provides "Within 10 days *after the service of summons,* any defendant may give to the plaintiff or his attorney notice that he excepts to the sureties. . . ." (Italics added.)  Thus both sections speak of the undertaking in connection with the summons, and under the plain language of section 830, the filing of the undertaking is made a condition to the issuing of the summons.  ■ No such condition applies to a cross-complainant, for no summons issues on a cross-complaint unless new parties are brought in.  (Code Civ. Proc., § 442.)

■ Petitioner stresses the last sentence of section 830, "An action brought without filing the required undertaking shall be dismissed," and, relying on section 22 of the Code of Civil Procedure* and *McKean* v. *German-American Sav. Bank,* 118 Cal. 334, 341 [50 P. 656], contends that the word "action" therein includes a cross-complaint.  The sentence in section 830 on which petitioner relies, however, must be read with the rest of the section.  The sentence expressly refers to an action brought without filing the "required" undertaking, which is the undertaking required as a condition to issuing the summons.  Since issuing summons is not required on a

---

*"'An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.''

cross-complaint such as we have here, the undertaking is not required.

Petitioner contends that the purpose of section 830 is to prevent the indiscriminate filing of defamation actions in bad faith to embarrass a defendant (*Smith* v. *McDermott*, 93 Cal. 421 [29 P. 34]) and that cross-complaints are included within that purpose. ■ Cross-complaints, however, are filed only after a defendant has been brought into court by the filing of a complaint against him. ■ Furthermore, petitioner's argument would apply to counterclaims, yet a defendant having a legitimate cause of action for defamation may be forced to counterclaim to prevent the barring of a later action under section 439 of the Code of Civil Procedure, and such a counterclaim clearly would not come within the purpose of section 830. ■ Many claims can be pleaded as either cross-complaints or counterclaims and "It is only when the defendant's claim must *necessarily* be pleaded as a cross-complaint that 'the failure to assert it does not bar a later action.'" (*Schrader* v. *Neville*, 34 Cal.2d 112, 115 [207 P.2d 1057].) Hill's claim does not appear to be one that must necessarily be pleaded as a cross-complaint, but even if it were the undertaking would not be required. Had the Legislature intended the section to apply to either cross-complaints or counterclaims, it would have used language appropriate to that end. (See Code Civ. Proc., § 1858.)

*Keller Research Corp.* v. *Roquerre*, 99 F.Supp. 964, on which petitioner relies, is not controlling here. The federal court there assumed, without discussing the provisions of section 830, that the section applies to a cross-complainant. Section 830 does not admit of that assumption.

The alternative writ is discharged, and the peremptory writ is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.