[L. A. No. 25538. In Bank. Jan. 26, 1960.]

EVERT L. HAGAN et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOSEPH W. FAIRFIELD et al., Real Parties in Interest.

Evert L. Hagan and Charles M. Farrington, in pro. per., for Petitioners.

No appearance for Respondent.

Joseph W. Fairfield and Ethelyn F. Black for Real Parties in Interest.

TRAYNOR, J.—In September 1957 four of the five directors of Benedict Heights, Inc., a California corporation, filed in respondent superior court a complaint for involuntary dissolution and winding up of the corporation. The corporation did not answer and its default was entered in December 1957. Petitioners learned of these proceedings in March 1959 and obtained permission of the court to intervene. They filed a complaint in intervention, naming as defendants in intervention the four plaintiff directors and their attorney, Joseph Fairfield, who is allegedly in control of the corporation, its books and assets. The complaint in intervention included allegations that petitioners are shareholders in Benedict Heights, Inc., that defendants in intervention refuse to recog-

nize them as such, that Fairfield has made unauthorized expenditures of corporate funds and threatens to continue to do so, and that Fairfield and perhaps two of the plaintiff directors, Rosner and Benjamin, are indebted to the corporation for wrongful diversion of its assets and for dereliction of duty. The relief sought included: (1) an order compelling defendants in intervention to register petitioners' shares on the corporation's books and to issue new certificates evidencing such shares, (2) a preliminary injunction restraining Fairfield from paying out any of the corporation's assets until trial of the involuntary dissolution action, (3) an order setting aside the default of Benedict Heights, Inc., and permitting petitioners to answer in behalf of the corporation, and (4) an order requiring Fairfield to post a bond pendente lite in an amount equal to the value of the corporation's assets.

Defendants in intervention filed no answer but filed a motion under section 834 of the Corporations Code for an order requiring petitioners to post security for costs. Respondent court granted the motion and ordered petitioners to post $3,500 as security within 30 days after service of the order. The order was served on May 13, 1959, but petitioners have not posted any security. They allege that respondent court has threatened to find them in contempt if they take any further action in connection with the involuntary dissolution proceedings.

Petitioners seek a writ of prohibition ordering respondent court to desist from entering judgment in the involuntary dissolution proceedings and to desist from enforcing its order requiring petitioners to post security. Fairfield, Rosner, and Benjamin, as real parties in interest, oppose issuance of the writ.

A writ of prohibition is an appropriate remedy to arrest the proceedings of a court when there is not a plain, speedy, and adequate remedy in the ordinary course of the law and when the proceedings of the court are without or in excess of its jurisdiction. (Code Civ. Proc., §§ 1102, 1103.)

Real parties in interest contend that the remedy by appeal is adequate. Petitioners could request, and if necessary compel, respondent court to enter a judgment dismissing their complaint in intervention for failure to comply with its security order. (See Corp. Code, § 834, subd. (b); *Berri* v. *Superior Court*, 43 Cal.2d 856, 860-861 [279 P.2d 8].) An appeal could then be taken from such dismissal challenging the propriety of the security order. Such an appeal, however,

would raise a question that has already been fully presented and considered at length in this proceeding, and no purpose but delay, to the prejudice of the parties and the courts, would be served by refusing to decide the jurisdictional question at this time. (*Atkinson* v. *Superior Court,* 49 Cal.2d 338, 342 [316 P.2d 960] ; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704] ; see also *City & County of San Francisco* v. *Superior Court, ante,* pp. 236, 243 [347 P.2d 294] ; *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 429 [333 P. 2d 745].)[1]

Petitioners contend that the order requiring security and its threatened enforcement are in excess of respondent court's jurisdiction because the security provisions of section 834 do not apply to their complaint in intervention. "Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis,* are in excess of jurisdiction, insofar as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari."* (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715] ; see *Pacific Mutual Life Ins. Co.* v. *McConnell,* 44 Cal.2d 715, 725 [285 P.2d 636] ; *Tidewater Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 821 [279 P.2d 35] ; *Fortenbury* v. *Superior Court,* 16 Cal.2d 405, 407-408 [106 P.2d 411] ; *Spreckels Sugar Co.* v. *Industrial Acc. Com.,* 186 Cal. 256, 260 [199 P. 8].) A court acts in excess of its jurisdiction in this sense if it awards costs not provided by statute (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 289 [109 P.2d 942, 132 A.L.R. 715] ; see *Michel* v. *Williams,* 13 Cal.App.2d 198 [56 P.2d 546] ) or if it entertains an action without requiring the posting of security for costs when such security is prescribed by statute (*Kennaley* v. *Superior Court,* 43 Cal.2d 512, 514-515 [275 P.2d 1] ; *Shell Oil Co.* v. *Superior Court,* 2 Cal. App.2d 348, 352-355 [37 P.2d 1078] ; see *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288-289 [109 P.2d 942, 132 A.L.R. 715] ). Conversely, it exceeds its jurisdiction if it dismisses for failure to comply with a statutory security pro-

[1]In these cases an alternative writ rather than an order to show cause had issued. An order to show cause, however, like an alternative writ, entails an expenditure of time and effort of court and counsel that would be wasted if another remedy were subsequently found adequate and the merits of the dispute, although fully presented, were not determined.

vision a cause of action properly before it to which the provision does not apply.

■ Section 834 applies only to actions by shareholders *in the right of a corporation.* It does not authorize the requiring of security from shareholders who seek to vindicate their personal rights, even though they allege facts that would also give rise to a corporate cause of action. (*Sutter* v. *General Petroleum Corp.,* 28 Cal.2d 525, 530 [170 P.2d 898, 167 A.L.R. 271] ; *Campbell* v. *Clark,* 159 Cal.App.2d 439, 443 [324 P.2d 55] ; *Dumm* v. *Pacific Valves,* 146 Cal.App.2d 792, 798 [304 P.2d 738].)

■ In their complaint in intervention petitioners allege that they are shareholders in Benedict Heights, Inc., and that by refusing to recognize them as such defendants in intervention have prevented them from participating in the affairs of the corporation. They request an order compelling defendants in intervention to register their shares on the corporation's books and to issue new certificates evidencing such shares. This part of the complaint in intervention asserts rights that are indisputably personal to petitioners and appropriately raised in the involuntary dissolution proceedings to ensure recognition of petitioners' claims during the impending distribution of corporate assets. It is therefore in excess of the jurisdiction of respondent court to condition the vindication of these rights upon a posting of security under the provisions of section 834. Even if other parts of the complaint in intervention set forth derivative causes of action, they would not give respondent court jurisdiction to require security under section 834 with regard to independent personal causes of action, to which that section does not apply.

Moreover, other parts of the complaint in intervention set forth matters that petitioners were also entitled to pursue without posting security. ■ Section 4653 of the Corporations Code gives to "any shareholder or creditor" an unqualified right to intervene in proceedings for the involuntary winding up or dissolution of a corporation. It does not make that right subject to section 834, which in no event can apply to creditors. It cannot reasonably be assumed that the Legislature restricted the rights of shareholders but not those of creditors, for the right of intervention is given equally to both. ■ Moreover, there is no need for the special protection of section 834 in involuntary dissolution proceedings since the court has broad powers of supervision and can make such orders as "justice and equity require." (Corp.

504

Code, §§ 4654, 4657.) The necessity for an unqualified right to intervene in such proceedings is demonstrated by the very nature of the grounds for involuntary dissolution set forth in section 4651 of the Corporations Code.[2] Almost without exception these grounds describe situations in which the interests of individual shareholders or creditors are not likely to be protected effectively by the corporation's directors.

 Accordingly an intervenor, whether he be shareholder or creditor, may seek any relief that the court has jurisdiction to grant in such proceedings that affects or protects his underlying interest in the corporation or its assets. He may, therefore, request the court to preserve corporate assets during the pendency of the proceedings by enjoining expenditures and requiring a bond pendente lite in the amount of such assets. He may also bring to the court's attention the existence of corporate assets in the form of claims against the corporation's attorney or its directors and is entitled to use reasonable discovery procedures to these ends. Upon further investigation the court might order the directors to press the claims or might appoint a receiver to do so. (See Corp. Code, § 4656.)

Let a peremptory writ of prohibition issue to restrain respondent court from enforcing its order requiring petitioners to post security and to restrain respondent court from entering judgment in the involuntary dissolution proceedings until petitioners have been accorded an opportunity to

---

[2] 'The court, upon filing of a verified complaint may entertain proceedings for the involuntary winding up or dissolution of such a corporation, when it is shown that any one or more of the following reasons exist:

(a) The corporation has abandoned its business for more than one year.

(b) The corporation has an even number of directors who are equally divided and cannot agree as to the management of its affairs, so that its business cannot longer be conducted to advantage or so that there is danger that its property and business will be impaired and lost.

(c) The holders of the voting shares of the corporation are so divided into factions that they cannot agree upon or elect a board of directors consisting of an uneven number.

(d) There is internal dissension and two or more factions of shareholders in the corporation are so deadlocked that its business cannot longer be conducted with advantage to its shareholders.

(e) The directors or those in control of the corporation have been guilty of persistent fraud, mismanagement, or abuse of authority, or persistent unfairness toward minority shareholders, or its property is being misapplied, wasted, or lost by its directors or officers.

(f) The liquidation is reasonably necessary for the protection of the rights or interests of any substantial number of the shareholders, or of the complaining shareholders.

(g) The period for which the corporation was formed has terminated without extension of such period.''

establish their status as shareholders in Benedict Heights, Inc., and to exercise their rights as intervenors.

Gibson, C. J., Peters, J., and Peek, J. pro tem.,* concurred.

SCHAUER, J., Dissenting.—The majority direct issuance of the peremptory writ of prohibition "to restrain respondent court from enforcing its order requiring petitioners to post security" under the provisions of section 834 of the Corporations Code, which deals with stockholders' derivative actions, and to further restrain that court from entering judgment in an involuntary dissolution proceeding until petitioners have been accorded an opportunity to establish their status as shareholders in the subject corporation and to exercise certain claimed rights as intervenors. In my view petitioners have not shown that respondent court exceeded or is about to exceed its jurisdiction; neither have they shown that if the trial court erred in the exercise of jurisdiction, they do not have an adequate remedy by appeal. Accordingly, the order to show cause heretofore issued should be discharged and the writ should be denied.

In the petition for prohibition petitioners allege that in September, 1957, an action for involuntary dissolution of Benedict Heights, Inc., a California corporation, was filed in respondent superior court by Fairfield, Rosner and Benjamin (the real parties in interest in this prohibition proceeding). Petitioners learned of such action in March, 1959, and with permission of court filed therein a complaint in intervention, alleging, among other things, that petitioners are stockholders of the corporation; that they "bring this intervention proceeding in behalf of themselves and on behalf of all other shareholders of Benedict Heights, Inc., who desire to join in said proceedings"; that Fairfield is in dominion and control of the corporation and of its records and assets and has refused to cause petitioners' shares of stock to be registered on the corporate books; that "Fairfield has, while acting as agent . . . of said Corporation, collected monies due to the Corporation, and made disbursements without any authorization from the Board of Directors and threatens to continue to do so: that . . . Fairfield negotiated the sale of . . . real estate . . . formerly owned by said Corporation: that this realty at the time of sale constituted the sole asset, other than stock sub-

*Assigned by Chairman of Judicial Council.

scriptions, of said corporation; that said parcel was sold for the sum of $10,000.00 . . . That there has been no accounting to the stockholders or the last Board of Directors of the Corporation for any transactions . . . Fairfield has carried out, since . . . 1952 . . .; [that] the assets of said Corporation are in danger of being lost or dissipated.''[1] Relief sought by petitioners through their complaint in intervention included the following demands: (1) an order compelling registration of their stock on the corporation's books; (2) a preliminary injunction restraining Fairfield from paying out any of the corporation's assets until trial of the dissolution action; (3) that the default of Benedict Heights, Inc., be vacated and that ''plaintiffs in intervention be permitted to file an answer on behalf of Benedict Heights, Inc., to the plaintiff's Complaint''; (4) that the court determine the value of the corporation's assets and require Fairfield to post a bond pendente lite in the amount of such value.

From the averments of the complaint in intervention hereinabove (and in footnote 1) quoted or summarized, and from the nature of the relief sought, it is clear that, although some of the claims asserted appear to relate to stockholders' personal rights, at least a substantial part of the cause stated and the relief sought is on behalf of the corporation and, hence, competent only in a derivative action. (See *Hogan* v. *Ingold* (1952), 38 Cal.2d 802, 809 [243 P.2d 1, 32 A.L.R.2d 834].)

It is thus manifest that the trial court was acting within its power and authority, i.e., jurisdiction, when in the exercise of its discretion it required the posting of security under section 834 of the Corporations Code, and prohibition is consequently not available to petitioners to compel the court to desist from enforcing its order to that effect.

---

[1]The complaint in intervention also alleged the following, among other things:

''Fairfield is the alter ego of said Corporation . . . [T]hat said Corporation is a dormant shell only, without substance, and that Fairfield is an interloper who has, without proper, or any, authority, obtained possession of all of the Corporate books, records and papers, and has secured, and now has, full control of and dominion over all of said Corporation's assets, and has collected $16,500.00 of Corporate monies. . . . [T]hat . . . Fairfield has collected other sums.

''That . . . the corporate powers . . . are being illegally executed . . . and a wrongful diversion of corporate funds has occurred and will continue to occur. . . . That plaintiffs in intervention bring this . . . proceeding in behalf of themselves and on behalf of all other shareholders . . . who desire to join in said proceedings. . . . [T]hat . . . Fairfield, and perhaps [others] . . . are indebted to Benedict Heights, Inc., for their actions with respect to assets of the Corporation, and for dereliction of duty. . . .''

It is of course true that section 834 "is not designed and does not operate to deprive a shareholder of any vested property right. By its very words the section relates solely to actions which may be 'instituted or maintained *in the right of any domestic or foreign corporation* by the holder . . . of shares . . . of such corporation.' (Italics added.) Since the statute is directed only at actions instituted or maintained 'in the right' of the corporation it has no application to actions or suits seeking directly to enforce personal rights of shareholders. Stockholders, if they have a personal cause of action, are still free to sue the corporation, the majority stockholders, or the directors of the corporation, and to recover for any cause they can establish." (*Hogan* v. *Ingold* (1952), *supra,* 38 Cal.2d 802, 809.) If petitioners' complaint in intervention stated a cause only for their individual and personal claims as stockholders, section 834 would have no application and the order of the court would apparently be erroneous and, we may assume, "beyond its jurisdiction" as that term is used in relation to granting prohibition. (*Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280, 287 [3, 4, 5, 6] et seq. [109 P.2d 942, 132 A.L.R. 715] ; *City of Los Angeles* v. *Superior Court* (1959), 51 Cal.2d 423, 429-430 [2] [333 P.2d 745] ["To permit the issuance of prohibition it is not necessary that there be a lack of jurisdiction over the subject matter or parties in the fundamental sense but only that there be a want or excess of the power of the court as defined by statute or by rules developed and followed under the doctrine of *stare decisis.* (*Tidewater Assoc. Oil Co.* v. *Superior Court,* 43 Cal.2d 815, 821 [279 P.2d 35] ; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 et seq. [109 P.2d 942, 132 A.L.R. 715])"] ; *Lawson* v. *Superior Court* (1957), 155 Cal.App.2d 755, 760 [6] [318 P.2d 812] ["Where a court has no jurisdiction to act except in a particular manner, it may be restrained by prohibition from acting in a different, unauthorized manner or may be compelled by mandate to act in a particular manner"] ; see also *Rescue Army* v. *Municipal Court* (1946), 28 Cal.2d 460, 462-464 [1a, 2a, 3] [171 P.2d 8].) But in addition to the matters which appear to relate to stockholders' personal rights, the complaint here, as already shown, alleges facts and seeks relief which are competent only in a derivative action.

Moreover, in a prohibition proceeding all presumptions are in favor of the propriety of the lower court's action, and the burden is on the petitioners to establish any claimed excess of jurisdiction. (See *Franklin* v. *Superior Court* (1950), 98

Cal.App.2d 292, 294 [2] [220 P.2d 8]; 40 Cal.Jur.2d 158, § 13; *id.* 262-265, §§ 85, 86, and cases there cited.) Here, since we do not have a complete record of the proceedings in the trial court, it is our duty to presume that the order requiring the posting of security was intended to be and would be applied only to the derivative aspects of petitioners' complaint in intervention, and not to their personal rights as alleged stockholders. There is no showing that petitioners have ever been ordered to post security in an action or on a cause of action pleading only stockholders' personal rights. It is of course true that in the absence of a complete record petitioners' assertions as to the legal effect of the pleadings and proceedings in the dissolution action can not properly be accepted in derogation of the lower court's jurisdiction.

Additionally, even if we assume, contrary to the rule in prohibition cases, that the lower court erred in some detail of its order, no case for issuance of the writ is made out. It is elementary that prohibition will not issue where there is a plain, speedy, and adequate remedy by appeal. (Code Civ. Proc., § 1103; *Bowles* v. *Superior Court* (1955), 44 Cal.2d 574, 581-582 [1] [283 P.2d 704]; *Brock* v. *Superior Court* (1947), 29 Cal.2d 629, 637 [3] [177 P.2d 273, 170 A.L.R. 521]; 40 Cal.Jur.2d 134-139, and cases there cited.) The majority concede that petitioners have a remedy by appeal, and even petitioners themselves do not suggest that such remedy is not adequate, but merely content themselves with asserting that inasmuch as no judgment of dismissal has (as of the time of their application) been entered ''there is nothing from which to appeal.'' As declared in *Melancon* v. *Superior Court* (1954), 42 Cal.2d 698, 704 [2] [268 P.2d 1050] (wherein petitioner sought both mandate and prohibition), ''the remedy by appeal from the judgment of dismissal which presumably will follow if the ordered security is not furnished is not only an adequate, but is *clearly a more appropriate remedy* than the writs here sought,'' (italics added) where petitioners' complaints go only to error and not to the jurisdiction of the court. (See also *C. S. Smith Metropolitan Market Co.* v. *Superior Court* (1940), 16 Cal.2d 226, 228 [1] [105 P.2d 587].) Moreover, as the majority concede, petitioners are not without a remedy despite their assertion that inasmuch as no judgment of dismissal has been entered ''there is nothing from which to appeal.'' If petitioners properly request and the court refuses to enter an order or judgment from which they can appeal, then mandamus lies to compel

entry of judgment to put petitioners in a position to test on appeal the propriety (including the scope) of the order requiring them to post security. (See *Berri* v. *Superior Court* (1955), 43 Cal.2d 856, 860-861 [11] [279 P.2d 8]; 32 Cal. Jur.2d 207-214, and cases there cited.)

I wish further to emphasize that this is the first time, insofar as any case called to my attention discloses, that the mere issuance of an order to show cause has been relied upon as a basis for ultimate issuance of the peremptory writ despite the admitted existence of an adequate remedy by appeal. It is to be remembered that in this case no alternative writ has been issued, as was done in *City & County of San Francisco* v. *Superior Court* (1959), *ante*, p. 236 [347 P.2d 294]; *City of Los Angeles* v. *Superior Court* (1959), 51 Cal.2d 423, 429 [1] [333 P.2d 745]; *Atkinson* v. *Superior Court* (1957), 49 Cal.2d 338, 342 [2] [316 P.2d 960]; and *Bowles* v. *Superior Court* (1955), *supra*, 44 Cal.2d 574, 582 [2, 3], yet the majority cite the above listed four cases and in each case note a page of the decision on which the only conceivably relevant proposition is a holding to the effect that when the District Court of Appeal or this court issues an *alternative writ* it ipso facto determines that there is no other adequate remedy. In the Atkinson case the majority cite page 342 ("Since no purpose but delay would be served at this time by reviewing the District Court's decision that the remedy by appeal was inadequate, we accept it for the purposes of these proceedings."). In the Bowles case the majority cite page 582 ("It was, of course, the duty of that court [the District Court of Appeal] before issuing an alternative writ to determine whether petitioners had another plain, speedy and adequate remedy in the ordinary course of law."). In *City & County of San Francisco* v. *Superior Court,* page 243, *ante,* is cited by the majority ("The absence of another adequate remedy was determined by this court when we granted an alternative writ.") In *City of Los Angeles* v. *Superior Court* the majority cite page 429 ("The absence of another adequate remedy was determined by this court when we granted an alternative writ.") Appended to the citation of those cases in the majority opinion is footnote 1, reading as follows: "In these cases an alternative writ rather than an order to show cause has issued. An order to show cause, however, like an alternative writ, entails an expenditure of time and effort of court and counsel that would be wasted if another remedy were subsequently found adequate and the merits of the dis-

pute, although fully presented, were not determined." Such citations of authority coupled with the footnote seem to make it clear that in this case the majority are holding, without specifically so stating, that when this court issued its mere order to show cause it likewise determined that petitioners had no adequate remedy other than the writ.

It is a fact disclosed by the records of this court that at its conference session on August 5, 1959, only four justices, one of whom is the author of this dissent, voted to issue the order to show cause. At that time the author of the dissent did not determine, and since then he has not determined, that another adequate remedy is lacking here. Nor did a majority of the court so determine. Yet the present majority dispose of the issue as to adequacy of remedy by declaring that "an appeal, however, would raise a question that has already been fully presented and considered at length in this proceeding, and no purpose but delay, to the prejudice of the parties and the courts, would be served by refusing to decide the jurisdictional question at this time." Such a statement is scant support for proceeding to issue the writ where appeal is admittedly not only available, but is both adequate and a more appropriate remedy; it is, indeed, the only remedy which can provide a record on which this court can properly determine whether the trial court even erred in the exercise of its jurisdiction. The duteous purpose of preserving the integrity of the law would be served by adhering to the fundamental rule that prohibition is not available where there is an adequate remedy by appeal; rendering the law uncertain by such departures as this only adds to the difficulties of practicing lawyers and the judges of other courts—and ultimately to the burdens of this court.

I believe that the better view is that the purpose of the order to show cause issued after we granted a hearing was to give the parties further opportunity to brief and present their contentions on all issues and this court a like opportunity for further study of those contentions. The mere issuance of an order to show cause should not, in my opinion, be relied upon as a basis for issuing the writ in derogation of established procedural principles. Heretofore it has been apparently unquestioned law that "An order to show cause is a notice of motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted." (*Difani* v. *Riverside County Oil Co.* (1927), 201 Cal. 210, 213-214 [1] [256 P. 210].) And as stated in *McAuliffe* v.

*Coughlin* (1894), 105 Cal. 268, 270 [38 P. 730], ''The order to show cause was simply a notice of the motion, and a citation of the defendant to appear at a stated time and place and show cause why plaintiff's motion should not be granted. Such orders are frequently made, especially on applications for injunctions and writs of mandate. *They are never prejudicial to the rights of the party cited.*'' (Italics added.) Again, in *Green* v. *Gordon* (1952), 39 Cal.2d 230, 232 [1, 2] [246 P.2d 38], this court followed the rule, stating '' [1] An order to show cause is in the nature of a citation to a party to appear at a stated time and place to show why the requested relief should not be granted. (See *Difani* v. *Riverside County Oil Co.,* 201 Cal. 210, 213-214 [256 P. 210].) [2] Obviously, a showing on general demurrer that the petition does not state sufficient facts to justify relief is a complete answer to an order to show cause, and the court is then warranted in discharging the order and dismissing the proceeding.'' In the interests of certainty, for the benefit of the profession, the status of the above cited cases which, although not mentioned by the majority, are apparently overruled *sub silentio* insofar as the holdings above quoted are concerned, should be unequivocally defined. It is manifest that such holdings are inconsistent with the present majority's implied holding, hereinabove discussed, that the mere issuance of an order to show cause why a writ of prohibition should not issue constitutes a determination that there is no other adequate remedy available.

Certainly, as shown hereinabove, appeal is the more appropriate remedy in this case if we are to consider whether, as suggested by petitioners, the court below erred in failing to grant leave to amend. This remedy appears to be plainly adequate and is the only remedy which can present the entire record for review as to possible errors at law.

I do not believe it serves the interests of justice or wise court administration to permit resort to the extraordinary writs upon the mere plea that no judgment has as yet been entered and therefore ''there is nothing from which to appeal.''

By the terms of the complaint in intervention which was before the trial court at the time it ordered the security posted, and a copy of which is included in the present record, petitioners seek relief which, as hereinabove shown, is indisputably in substantial part derivative in nature. We cannot on this petition for prohibition review for possible error a

record which is not before us; neither, if we adhere to established law, can we hold that the court did not have jurisdiction to make the subject order.

I would discharge the order to show cause heretofore issued and deny the writ sought.

Spence, J., and McComb, J., concurred.

The petition of the real parties in interest for a rehearing was denied February 24, 1960. Peek, J. pro tem.,* participated therein in place of White, J., who deemed himself disqualified. Schauer, J., Spence, J., and McComb, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.