[S. F. No. 22512. In Bank. Oct. 3, 1967.]

JEROME L. BRANDT, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; DALE GRUYE et al., Real Parties in Interest.

Long & Levit, David R. Harrison and Gerald Z. Marer for Petitioner.

No appearance for Respondent.

Di Leonardo, Blake, Kelly, Aguilar & Leal and Robert L. Blake for Real Parties in Interest.

PETERS, J.—The basic problem here involved is whether a corporate bond can be filed as security in a libel and slander action. The filing of such a bond, in our opinion, complies with the statutory requirements. Therefore, the requested writ should issue. .

The problem arises under the following circumstances. Petitioner Brandt filed an action in respondent court against real parties in interest seeking damages, an injunction, and declaratory relief. The complaint stated causes of action for unfair competition, breach of contract, and libel and slander. To satisfy the requirements of section 830 of the Code of Civil Procedure, requiring an undertaking by plaintiff of $500 in libel or slander cases, appellant filed, prior to the issuance of summons, a $500 corporate bond of the Fidelity and Deposit Company of Maryland. Real parties in interest moved to dismiss the action on the ground that a corporate bond did not meet the requirements of section 830. They contended that a corporate bond would not suffice in lieu of the two personal sureties referred to in that section. Real parties in interest do not, however, challenge the financial integrity of the corporate bond filed by petitioner, nor of the bonding company.

The trial judge held that a corporate bond was insufficient. His order in this regard states:

"The Court ruling that as a matter of law, as prescribed by CCP § 830 and § 831, a Plaintiff filing a complaint in defamation must file an undertaking in the sum of $500.00 with individual sureties and that as a matter of law neither a $500.00 cash bond nor a $500.00 corporate bond may be filed by Plaintiff,

"IT IS ORDERED that if Plaintiff files an amended complaint which includes a cause of action for defamation he shall file an undertaking in the sum of $500.00 with individual sureties as prescribed in CCP § 830 and § 831 within five days after filing said complaint."

Petitioner prepared an amended complaint but did not file it. His position is that to have done so would have been a futile act, since the court had indicated that it would dismiss the suit if plaintiff did not find two individual sureties. Petitioner brought this mandamus action to compel the trial court to accept the corporate bond.

 Petitioner's contention that a corporate bond will suffice in lieu of the two individual sureties referred to in section 830 is correct. Section 830 provides: "Before issuing the summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff in the sum of five hundred dollars ($500), with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action is dismissed or the defendant recovers judgment, they will pay the costs and charges awarded against the plaintiff by judgment, in the progress of the action, or on an appeal, not exceeding the sum specified. An action brought without filing the required undertaking shall be dismissed."

Section 831 of the Code of Civil Procedure requires the individual surety to include with the plaintiff's undertaking an affidavit stating "that he is a resident and householder or freeholder within the county, and is worth double the amount specified in the undertaking. . . ."

These sections must be read with section 1056 of the Code of Civil Procedure which provides: "*In all cases* where an undertaking or bond, with *any number of sureties* is authorized or required by any provision of this code, or of any law of this State, any corporate or reciprocal insurer, possessing a certificate of authority from the Insurance Commissioner authorizing it to write surety insurance . . . may become and shall be accepted as security or as sole and sufficient surety upon such undertaking or bond, and such corporate surety shall be subject to all the liabilities and entitled to all the rights of natural persons' [*sic*] sureties." (Italics added.)

Section 1054a of the Code of Civil Procedure provides in part that "In all civil cases, wherein an undertaking is required, the party required to furnish such undertaking may, in lieu thereof, deposit" cash or state or federal bearer bonds of the value of the required undertaking. It has recently been held that a cash deposit under this section complies with section 830. (*Rogers* v. *County Bank of Santa Cruz*, 254 Cal. App.2d 224 [61 Cal.Rptr. 879].)

The language of section 1056 could not be more explicit. A

valid corporate bond will suffice "in *all* cases" where "*any* provision" of state law requires an undertaking with "*any number* of sureties."

There are several other sections in the Code of Civil Procedure which require a moving party to post an undertaking with two or more personal sureties. It has uniformly been held—or considered so self-evident as to be assumed by the courts—that under section 1056 a single corporate bond suffices in lieu of personal sureties. Thus, in *Carter* v. *Superior Court,* 176 Cal. 752, 754 [169 P. 667], a nonresident plaintiff sued a California defendant, who demanded that plaintiff post security for court costs pursuant to what is now section 1030 of the Code of Civil Procedure. Plaintiff produced a corporate bond, and the court held, when the issue arose on prohibition, that section 1056 authorized use of a single corporate bond in lieu of the two sureties required by section 1030.

In *Williams* v. *Atchison, etc. Ry. Co.,* 156 Cal. 140 [103 P. 885, 134 Am.St.Rep. 117, 19 Ann.Cas. 1260], the court held that section 1056 authorized use of a single corporate bond in claim and delivery, although another statute (what is now section 512 of the Code of Civil Procedure) provided that the undertaking was to be supported by two or more sureties.

Several decisions indicate that a single corporate bond is, because of section 1056, sufficient to obtain stay of execution of judgment pending appeal, although section 942 of the Code of Civil Procedure would require two or more sureties. (E.g., *Fox* v. *Hale & Norcross Silver Min. Co.,* 97 Cal. 353 [32 P. 446]; *Belle Vista Inv. Co.* v. *Hassen,* 218 Cal.App.2d 601 [32 Cal.Rptr. 399]; *Sandell, Inc.* v. *Bailey,* 193 Cal.App.2d 518 [14 Cal.Rptr. 347]; *Keefe* v. *Superior Court,* 23 Cal.App. 750 [139 P. 899].) Similarly, *Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469 [304 P.2d 7], upheld the use of a single corporate bond under section 1056 to keep a writ of attachment operative pending an appeal, although section 946 of the Code of Civil Procedure would otherwise require two sureties.

It has also been held that depositing cash, pursuant to section 1054a, entitles a moving party to a writ of attachment even though section 539 of the Code of Civil Procedure requires two or more sureties for the undertaking. (*Rowe* v. *Stoddard,* 15 Cal.App.2d 440 [59 P.2d 423]; accord, *Stewart* v. *Justice's Court,* 7 Cal.App.2d 61 [45 P.2d 424].)

The primary purpose of requiring the plaintiff in a defamation suit to post an undertaking is obviously to give the

defendant security for any costs he may be awarded if judgment is in his favor. (*Kennaley* v. *Superior Court,* 43 Cal.2d 512, 514 [275 P.2d 1] ; *Becker* v. *Schmidlin,* 153 Cal. 669, 671 [96 P. 280] ; *Bried* v. *Superior Court,* 11 Cal.2d 351, 354 [79 P.2d 1091].)[1] This purpose is, of course, achieved by a corporate bond as well as by individual sureties. (Cf. *Stewart* v. *Justice's Court, supra,* 7 Cal.App.2d 62, 64.) Indeed, a defendant awarded costs may find it easier to collect from a bonding company than from individual sureties.

Another purpose of section 830 is to discourage defamation actions that might otherwise be hastily filed by plaintiff. The need to post the undertaking impresses upon a party who feels aggrieved the gravity of litigation, tends to engender mature consideration of the propriety of going forward with a lawsuit, and thereby, indirectly, gives some protection to those exercising their right to express opinions. (*Shell Oil Co.* v. *Superior Court,* 5 Cal.App.2d 480, 482 [42 P.2d 1049] ; *Shell Oil Co.* v. *Superior Court,* 2 Cal.App.2d 348, 355 [37 P.2d 1078].)[2] This purpose too is achieved equally as well if the potential plaintiff must take the time and effort (and expense) of obtaining a bond from a corporate bonding company as opposed to soliciting the financial backing of two friends.

It seems clear both by case law and public policy that petitioner's corporate bond, filed pursuant to section 1056, meets the undertaking requirement of section 830.

Real parties in interest contend that to so construe the statute will work a judicial repeal of section 830 and would defeat what they claim is the true purpose of that statute.

These contentions are based on the following reasoning: Section 830, dealing exclusively with defamation suits, was originally enacted in 1871-1872 (Stats. 1871-1872, ch. 377, § 1, p. 533) ; section 1056, dealing with undertakings generally, stems from legislation enacted in 1889 (Stats. 1889, ch. 181,

---

[1]"The object of the statute requiring the plaintiff in an action for slander to give an undertaking for costs is of course to protect the defendant and to secure to him the costs and charges he may be awarded if the judgment is in his favor." (*Bried* v. *Superior Court, supra,* 11 Cal.2d 351, 354.)

[2]"The statute requiring the filing of a bond for costs in a libel suit is to protect those who in good faith are exercising their constitutional guaranty of free speech and freedom of the press against the too common practice of instituting libel and slander suits inspired by mere spite or ill-will and without good faith." (*Shell Oil Co.* v. *Superior .Court, supra,* 2 Cal.App.2d 348, 355.)

§ 1, p. 215) and is based on an 1885 statute (Stats. 1885, ch. 131, § 1, p. 114). In such circumstances, argue real parties in interest, the rule of statutory construction stated in *McNeil* v. *Kingsbury*, 190 Cal. 406, 409 [213 P. 50], should apply. That decision states: " 'The law does not favor a repeal by implication, and where two statutes treat the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter though later in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter, so far as coming within its particular provisions,' . . .''

This language is not applicable to the problem here involved. We are directed both by statute (Code Civ. Proc., § 1858) and by case law (*Wemyss* v. *Superior Court*, 38 Cal.2d 616 [241 P.2d 525]) that when confronted with two statutes dealing with the same subject matter, they should, if possible, be harmonized and effect given to both. Here it is possible to harmonize the statutes and to give effect to both. Section 1056 is a general law (*Cramer* v. *Tittle*, 72 Cal. 12 [12 P. 869]) and is not irreconcilable with sections 830 and 831. Section 1056 (like section 1054a) simply authorizes a means of furnishing an undertaking in *addition* to the individual sureties referred to in section 830. Section 1056 gives the plaintiff an election, but if he elects to use individual sureties, they must meet all the requirements of sections 830 and 831. Sections 830 and 831 remain operative and therefore cannot be characterized as repealed by section 1056, even when the latter section is invoked in defamation actions. In fact, the treatment of section 1056 proposed by real parties in interest would make *it* a nullity. In every situation where it has been applied, this generalized statute has enabled litigants to use a single corporate bond in lieu of two or more individual sureties required by the statute dealing with the particular type of action or procedure involved.[3] We cannot construe section 1056 in such a way as to effectively repeal *it*.

The only case cited by real parties in interest that supports their position is *Keller Research Corp.* v. *Roquerre* (S.D.

---

[3]Section 512 of the Code of Civil Procedure stems from an act of 1851 and requires two or more sureties for claim and delivery, but in *Williams* v. *Atchison, etc. Ry. Co.*, *supra*, 156 Cal. 140, a single corporate bond was used. Section 1030 of the Code of Civil Procedure was first enacted in 1872. Although it requires two or more sureties when a local defendant demands security for costs from a nonresident plaintiff, *Carter* v. *Superior Court*, *supra*, 176 Cal. 752, permits the plaintiff to file a single corporate bond under section 1056, first enacted in 1885.

Cal.) 99 F.Supp. 964, which adopted the reasoning of *McNeil* v. *Kingsbury, supra,* 190 Cal. 406, in holding that section 1056 does not authorize use of a single corporate bond in lieu of the two sureties referred to in section 830. The court in that case felt that to give section 1056 the effect here recommended would be to ''repeal'' section 830. That argument, as already pointed out, is falacious. On a prior occasion this court refused to follow another holding in *Keller Research (Kennaley* v. *Superior Court, supra,* 43 Cal.2d 512, 516),[4] and we should do so again on the problem under discussion.

*Keller Research* also asserted that another reason why section 830 requires two individual sureties is that the plaintiff in libel or slander actions is claiming his reputation has been damaged and should have to support this contention by obtaining ''two of his neighbors . . . [to] become guarantors of his good *reputation* to the extent of the individual liability of $500.'' (99 F.Supp. at p. 967.) (Italics in original.)

This is clearly erroneous. The court in *Keller Research* assumed that under section 831 the individual sureties had to be ''householders or freeholders within the same county in which he [plaintiff] lives.'' (99 F.Supp. at p. 967.) But this court had many years before held that section 831 required the sureties to be residents of the county in which suit is filed. (*Smith* v. *McDermott,* 93 Cal. 421, 423 [29 P. 34].) Thus, the plaintiff will be able to get his ''neighbors'' to act as sureties only where, by fortuity, he is able to get venue in his home county.[5] Furthermore, there is no requirement that the plaintiff in a defamation suit obtain vouchers for his good reputation. A man with a very bad reputation may be libeled.

---

[4] The *Kennaley* decision holds that *Keller Research* was incorrect in applying the undertaking requirements of section 830 to a libel or slander claim raised in a cross-complaint.

[5] Where defendant is a California resident, venue will generally be proper only in the county of his residence. (Code Civ. Proc., § 395; cf. *Monk* v. *Ehret,* 192 Cal. 186 [219 P. 452].) Since the purpose of the sureties is to give defendant security for costs he may be awarded, it is reasonable to require the individual sureties to be residents of defendant's county, where it will be most convenient for him to instigate proceedings against them if he finds it necessary to do so.

The holdings in *Smith* v. *McDermott, supra,* 93 Cal. 421, that the individual sureties must reside in the county where suit is brought provides another sound reason why section 1056 must be held applicable to undertakings in libel or slander actions. The plaintiff who can get venue only in a distant county may well not know anyone in that county he can ask to be his surety. It would be unduly harsh to make him forego his suit for that reason. But without section 1056 this might be the result, particularly where venue lies only in one of the state's mountain counties with small population (e.g., Alpine).

For these many reasons it is obvious that a corporate bond complies with the statutory requirements and that the peremptory writ should issue.

The parties have neither raised nor briefed the question whether mandate is an appropriate remedy since petitioner could have had a judgment of dismissal entered, and then appealed. It is a debatable question whether the remedy by appeal would here be adequate. Moreover, the point at issue has been fully briefed and argued by the parties. If we were to compel the parties to proceed by way of appeal only delay and expense would be accomplished which would prejudice the courts and the parties (*Shively* v. *Stewart*, 65 Cal.2d 475, 481 [55 Cal.Rptr. 217, 421 P.2d 65]; *Hagan* v. *Superior Court*, 53 Cal.2d 498, 502 [2 Cal.Rptr. 288, 348 P.2d 896]). Under such circumstances the writ should issue.

Let a peremptory writ of mandate issue ordering the respondent court to accept the corporate bond proffered, and to take such other steps as the proceedings require.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.