[Civ. No. 54458. Second Dist., Div. One. Apr. 12, 1979.]

ASSOCIATES CAPITAL SERVICES CORPORATION,
Plaintiff and Appellant, v.
SECURITY PACIFIC NATIONAL BANK,
Defendant and Respondent.

820

---

[redacted]

---

**COUNSEL**

Goldman, Gordon & Lipstone and Robert P. Gordon for Plaintiff and Appellant.

Lillick, McHose & Charles, Anthony Liebig and Edward C. Walton for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—This appeal is from a judgment of dismissal entered after defendant's demurrer to plaintiff's complaint was sustained without leave to amend. It raises the issue of the adequacy of a corporate bond issued by an authorized surety insurer to satisfy the provisions of Code of Civil Procedure section 682a requiring that a writ of execution levied on a joint bank account be accompanied by a "bond" which is "executed by the judgment creditor . . . with two or more sufficient sureties." We conclude that section 682a, when read in conjunction with Code of Civil Procedure section 1056, permits a levy of execution upon a joint bank account where security is given in the form of a "bond" executed by the authorized insurer alone without the signature of the levying judgment creditor. We therefore reverse the judgment of dismissal which denies plaintiff relief against defendant bank which failed to honor a levy of execution.

Because of the procedural posture of the case at bench, we recite, as the basis of our decision, the facts alleged in plaintiff's complaint.

Associates Capital Services Corporation obtained a money judgment in the amount of $9,542.07 against Thomas C. Stran. Associates secured a writ of execution based on the judgment. Stran had an interest in bank accounts in Security Pacific National Bank in the names of "Thomas C. Stran and Joann C. Stran."

Pursuant to instructions from Associates, the marshal delivered to Security Bank a copy of the writ of execution, a demand upon garnishee, and the original of a surety bond issued by American Bonding Company at the request of Associates. The bond was duly executed on behalf of American Bonding Company. It obligates American pursuant to Code of Civil Procedure sections 682a and 1041 to "person or persons other than the judgment debtor whose interest is sought to be levied upon under said statutory obligations, in the sum of Twenty Thousand . . . dollars." The bond is not executed by anyone on behalf of Associates.

Security Bank answered the levy with a return of garnishee stating that it held "nothing" for the account of Thomas C. Stran. The return was false; when the writ of execution and supporting documents were delivered to the bank, it was obligated to Thomas C. and Joann C. Stran by reason of their joint bank accounts. Something under one month after its return on the levy, Security Bank informed counsel for Associates that the levy of the writ of execution was ineffective because of the failure of Associates to sign the execution bond along with American Bonding Company.

Associates filed its complaint in declaratory relief against Security Bank and Thomas C. Stran. The bank filed a general demurrer on the theory that it was not obligated to comply with the levy because of the lack of Associates' signature of the bond. The trial court sustained the demurrer without leave to amend.

In this appeal from the resulting judgment of dismissal, Associates contends: (1) Code of Civil Procedure section 682a which requires an execution bond "executed by the judgment creditor . . . with two or more sufficient sureties. . . ." where the levy is on a joint account is modified by Code of Civil Procedure section 1056 so that a bond supplied by an authorized "corporate or reciprocal insurer" alone and without the signature of the judgment creditor must be accepted by the garnishee as security for a writ of execution; and (2) the bonding requirement violates constitutional standards.

█ We conclude that the bond supplied by Associates complies with statutory requirements. We therefore reverse the judgment of dismissal without reaching Associates' constitutional arguments.

Code of Civil Procedure section 682a establishes a detailed process for protection of the rights of a nonindebted cotenant of an interest in a bank account which is the subject of a levy of execution directed at a cotenant who is a judgment debtor. Unless the statutory procedure is followed "the levy shall not be effectual for any purpose and shall be disregarded."

The levy must be accompanied by a "bond in an amount not less than twice . . . the amount sought to be reached by [the] levy . . . . indemnifying the person or persons, other than the judgment debtor . . . . whose interest is sought to be levied upon . . . against actual damage by reason of [the levy]." The bank on which the levy of execution is served must

immediately notify the nonjudgment debtor cotenant by registered mail of the levy. The bank must then hold the account in its status at the time of the levy for a period of 15 days. If at the end of that time no proceeding to require justification of sureties has been filed by the nonindebted cotenant or if the sureties "have justified," or presumably if no third party claim has been filed, the bank may release the account to the levy.

Section 682a states specifically "[t]he bond . . . shall be executed by the judgment creditor . . . with two or more sufficient sureties."

The description of the bonding requirement of section 682a must be read in conjunction with the provisions of Code of Civil Procedure section 1056. The latter statute states: "In all cases where an undertaking or bond, with any number of sureties is authorized or required . . . any corporate or reciprocal insurer, possessing a certificate of authority from the Insurance Commissioner authorizing it to write surety insurance . . . may become and shall be accepted as security or as sole and sufficient surety upon such undertaking or bond . . . ."

Associates reads section 1056 as permitting the surety company bond as a substitute for the bond executed by the judgment creditor and two or more sufficient sureties required by section 682a. Security Bank reads section 1056 as permitting the surety company bond to substitute for the individual sureties permitted by section 682a but not as also substituting for the requirement of section 682a that the judgment creditor sign the bond.

As the bank's contention recognizes, there is compelling precedent holding that to the extent the sections are inconsistent in their specification of the nature of security that must be posted by a party seeking judicial relief section 1056 controls over section 682a. (*Brandt* v. *Superior Court* (1967) 67 Cal.2d 437, 442 [62 Cal.Rptr. 429, 432 P.2d 31].) The issue at bar thus is one of the interpretation of Code of Civil Procedure section 1056.

The critical language is essentially that "where an undertaking or bond, with any number of sureties is . . . required . . ." a corporate surety bond "shall be accepted as security or as sole and sufficient surety . . . ." There is, of course, a distinction in the meaning of "undertaking" and "bond" when those words are used as of legal art. ■ An "undertaking" is

executed by sureties only, while a "bond" must be executed by both the principal and sureties. (*Alexander* v. *Superior. Court* (1928) 91 Cal.App. 312, 315 [266 P. 993].) Utilization of the technical distinction between the two concepts is, however, a somewhat weak reed on which to rest a decision because both the Legislature and California courts tend to use the terms interchangeably. (Conners, Cal. Surety and Fidelity Bond Practice (Cont.Ed.Bar 1969) § 21.2, p. 308; see e.g., *Brandt* v. *Superior Court, supra,* 67 Cal.2d 437, 440.) We thus consider the critical language both in relation to the technical meanings of "undertaking" and "bond" and in relation to its statutory purpose.

Read so that an "undertaking" and a "bond" are treated as distinct legal creatures, section 1056 must be construed as permitting the obligation of an approved corporate surety to be substituted either for that of the sureties of an "undertaking" or that of both the principal and sureties on a "bond." By the express terms of section 1056, the corporate surety's obligation must be accepted as "security *or* as sole and sufficient surety." (Italics added.) If the section were intended to apply only to the surety aspects of both "bonds" and "undertakings," there would be no need for the word "security" in the statute. "Security" has meaning only when it is construed as a substitute for the combined obligation of the principal and sureties on a bond required by statute. The use of the word "security" is superfluous in the context of an undertaking because there the substitution of the corporate for individual sureties is sufficient in itself, there being no principal obligor.

The statutory purpose of Code of Civil Procedure section 1056 leads to a conclusion consistent with its construction based upon the technical distinction between "bonds" and "undertakings."

■ The primary purpose of the security which the law requires of a party seeking a provisional or posttrial remedy is the protection of the adversary or another from financial loss. (*Brandt* v. *Superior Court, supra,* 67 Cal.2d 437, 441; *Woodruff* v. *Maryland Casualty Co.* (1934) 140 Cal.App. 642 [35 P.2d 623].) The purpose is as well or better served by the corporate surety bond than it is by a personal undertaking or bond. (*Brandt* v. *Superior Court, supra,* 67 Cal.2d at p. 441.) Execution of the bond by the principal obligor adds nothing to serve the reason for the law.

 We thus conclude that a corporate surety bond satisfying the requirements of Code of Civil Procedure section 1056 must be accepted in lieu of the personal bond specified in Code of Civil Procedure section 682a without the requirement that the judgment creditor also execute the security obligation as principal obligor. That proposition leads in turn to the conclusion that Associates' complaint states a legally cognizable cause of action so that the general demurrer to it was sustained in error.

The judgment is reversed.

Lillie, Acting P. J., and Hanson, J., concurred.