*305
 
 LANGDON, J.
 

 Pacific Coast Insurance Association was an insurance company doing business in California throughout the year 1931, and until January 19, 1932. On that date it was adjudged insolvent and ordered liquidated by the Insurance Commissioner iiursuant to statute. (Peering’s Gen. Law, Act 3739.) The said company did not file a tax report with the Insurance Commissioner in 1932, and the Insurance Commissioner did not file a report in said year with the state board of equalization, as required by statute. (Pol. Code, sec. 3666a.) Consequently the board did not assess a tax in said year on the gross premiums of business done in 1931. The tax for such omitted year was eventually assessed in 1934 at the regular time for assessment of such taxes. The amount was $7,653. The State Controller filed his claim for tax and penalties with the Insurance Commissioner as liquidator of the company, which claim was rejected. The lower court held the assessment a nullity, and the Controller brought this appeal.
 

 The first and main issue is whether a tax and penalties on gross premiums may be assessed in March of a year following that in which the premiums were earned, notwithstanding the fact that at the time of the assessment the company is no longer engaged in business. On this issue the case is governed by
 
 Carpenter
 
 v.
 
 Peoples Mutual Life Ins. Co.,
 
 recently decided by this court
 
 {ante,
 
 p. 299 [74 Pac. (2d) 508]). Under the holding in that ease, it would have been entirely proper for the state to assess and collect its tax and penalties in 1932 for operations of defendant company during the year 1931.
 

 The second issue is whether the assessment may be made in a subsequent year. It is contended by respondent that if a tax might be validly assessed, the only proper time was in March, 1932, and that such time having passed, it was no longer possible to make a valid assessment. The authorities advanced in support of this contention merely hold that it is improper to modify the assessment roll in any period of a year other than that prescribed by law for the making of assessments. They are not determinative of the question whether in a subsequent year, at the regular time for making assessments, an omitted assessment may be made, and on this question we have found no authority squarely in point. Despite the lack of authority, however, we believe the circum
 
 *306
 
 stances of this case indicate clearly the proper decision. Respondent’s position is, in substance, that by violation of its statutory duty to report and thus accomplishing a concealment of its liability for the tax, the company or its representative has acquired a complete exemption therefrom. We cannot subscribe to this view, which would not only permit the company to profit by its own wrong, but would deprive the state of its legal claim for taxes in a wholly arbitrary manner. We are in accord with the contention of the state that the tax liability is imposed by the constitutional and statutory provisions (Cal. Const., art. XIII, see. 14; Pol. Code, see. 3664b), and is an obligation of the taxpayer irrespective of the assessment thereof by the board. If the delayed assessment in the present case were an error caused by the board’s own neglect to the substantial injury of the taxpayer, it might be that a different conclusion would be indicated; but in the instant case the error was a direct result of the taxpayer’s violation of its statutory duty, and there is no showing that the delay in assessment has operated unfairly to its prejudice. And these facts which disprove any prejudice or injury to the taxpayer likewise make out a case of an estoppel against the company and its representative to deny the validity thereof.
 

 While we are satisfied that the conclusion reached herein is sound in principle, we may observe that the situation is one which called for legislative action, and in 1937 the Political Code was amended by the addition of section 3669, which authorizes assessment in a subsequent year after discovery of failure to make it in a prior year.
 

 The order is reversed.
 

 Shenk, J., Waste, C. J., Seawell, J., and Edmond's, J., concurred.
 

 Rehearing denied.