[Civ. No. 23725.   Second Dist., Div. One.   July 19, 1960.]

CATARINO M. ESPARZA, Respondent, v. KADAM, INC. (a Corporation) et al., Appellants.

Arthur Shivell for Appellants.

Brown & Ayers for Respondent.

FOURT, J.—This is an appeal from "that certain decree . . . and from the whole thereof, excepting only that part or portion or determination that the defendant . . . may purchase the share or interest of the plaintiff . . . in the defendant . . . corporation."

In this matter the plaintiff brought an action for involuntary dissolution of the defendant corporation and for money claimed to be due him for services rendered to the corporation, for a penalty for failure to pay the earnings when due, for attorney's fees, court costs and other relief. Apparently (from the record which is before this court) the plaintiff and the individual defendant each owned 50 per cent of the stock of the defendant corporation. The defendants filed an answer setting up certain affirmative defenses and also filed a cross-complaint wherein an accounting was requested against the plaintiff who had been the managing director of the defendant corporation and for an appraisal and sale of the stock of the plaintiff to the individual defendant under the provisions of sections 4658 and 4659 of the Corporations Code.[1]

It was further alleged in the cross-complaint that plaintiff

---

[1]Section 4658:

"In any such suit the holders of 50 percent or more of the outstanding shares of the corporation may avoid the appointment of a receiver or the dissolution of the corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value.

"If the holders of 50 percent or more of the outstanding shares of the corporation (a) elect to purchase the shares owned by the plaintiffs, and (b) are unable to agree with the plaintiffs upon the fair cash value of such shares, and (c) give bond with sufficient security to protect the interests and rights of the plaintiffs and to assure to the plaintiffs the payment of the value of their shares, the court shall stay the proceeding and shall proceed to ascertain and fix the value of the shares owned by the plaintiffs."

Section 4659:

"The court shall appoint three disinterested commissioners to appraise the fair value of the shares owned by the plaintiffs, and shall make an order referring the matter to the commissioners so appointed for the purpose of ascertaining such value. The order shall prescribe the time and manner of producing evidence, if evidence is required.

"The award of the commissioners or of a majority of them, when confirmed by the court, shall be final and conclusive upon all parties and the court shall enter a decree for the amount of the award against the shareholders electing to purchase and the surety or sureties on the bond. The decree may be enforced in the same manner as other decrees and judgments of the superior court. The decree may be in the alternative, and provide for winding up and dissolution of the corporation unless

had never paid for his shares of stock and that he had mismanaged the corporation's bar business.

The court appointed three disinterested commissioners upon the motion of the defendants pursuant to the provisions of section 4658 of the Corporations Code. The order provided among other things that the proceedings for dissolution be stayed pending the further order of the court or until the time of approval of the award of the commissioners; that the commissioners appraise the fair cash value of the shares or interests of the respective parties in the defendant corporation and each party was in effect ordered to cooperate in the making of the appraisal and that the commissioners make a return before the court of their award on or before a date certain.

The commissioners thereafter met on three separate occasions and the parties and their attorneys were present at each meeting; evidence both oral and documentary was produced and heard by the commissioners. Based upon the evidence submitted to them it was the unanimous award of the commissioners that the fair value of the shares of the defendant corporation was $14,913.40 and that the plaintiff owned one-half of the shares and the individual defendant owned one-half of the shares and that the fair value of each one-half of the shares was $7,456.70.

The defendants filed exceptions and objections to the award of the commissioners stating among other things that the commissioners made no findings of fact upon which the court could determine the correctness of the award or upon which the court could properly confirm the award; that the defendants were unable to determine the nature of their rights because of the lack of findings and that the award would when confirmed by the court constitute a final judgment as to a portion of the litigation between the parties and that the rights and interests of the defendants would not be conserved under the circumstances "irrespective of the correctness and justice of the amount of the award."

Appellants' brief states: "The trial court confirmed the award of the commissioners and refused in its turn to make

payment is made for the shares within the time specified by the decree. Any shareholder aggrieved by the action of the court may appeal therefrom.

"The holders of 50 per cent or more of shares electing to purchase shall pay to plaintiff shareholders the value of their shares ascertained and decreed pursuant to this section or, in case of an appeal, as fixed on appeal. On receiving such payment or the tender thereof, the plaintiff shareholders shall transfer their shares to the shareholders electing to purchase."

any findings of fact or conclusions of law, either of the matter contained in the award or its own judgment and decree. The decree was entered January 13, 1959, giving judgment for the plaintiff against the defendant, Dale H. Habberstad, for the sum of $7,456.70 (the amount of the award of the commissioners) and against Travelers Indemnity Company (for the included sum of $5,000.00). The decree also prescribed that this amount should be paid and satisfied within 30 days from date of entry of decree, and that unless it was so satisfied, the decree specified that the defendant corporation be wound up and dissolved without further proceedings. Notice of entry of the decree was filed January 15, 1959.

"The decree did not provide for the subsequent determination of the other issues of the complaint, nor for the affirmative defenses of the defendants. There was no provision recognizing in any respect that any other issues remained to be tried, either upon the complaint or the cross-complaint."

There is no decree confirming the award in the record before us and a reading of the appellants' "notice to clerk to prepare Clerk's transcript on appeal" makes no reference to any such a decree. There is in the record before us everything which counsel for the appellant requested.

Appellants apparently are now attempting to appeal from a decree which they have not brought to this court.

The record before us does disclose in a document entitled "Notice and Demand by Defendant upon Plaintiff for Sale of Corporate Stock, Pursuant to Decree under Sections 4658, 4659 Corporations Code"; that the individual defendant gave notice that he elected to purchase the shares of the plaintiff "at the price set by the decree of the Court in the Special Proceedings for Dissolution of Corporation . . . which decree was rendered pursuant to the provisions of sections 4658 and 4659, Corporations Code, and entered January 13, 1959, in Book . . . of Judgments . . . and said defendant herewith makes demand upon you that you deposit with the above entitled Court, the said shares and/or other evidence of such interest, duly indorsed to effectuate the transfer thereof to the defendant Dale H. Habberstad."

In a "Notice of Motion for Deposit in Court Section 572, Code of Civil Procedure" the plaintiff and his attorney were notified by defendants' attorney that on a day certain the defendants would move the court to order the shares of the corporation to be deposited in court and the fund prescribed as the fair cash value of such shares be also deposited in court

subject however to an order that the plaintiff be paid only so much thereof as he was entitled to receive following the determination of the issues of costs on the special proceeding for dissolution, the accounting and other matters prayed for in the affirmative defenses in the cross-complaint. The appellant's attorney stated in the notice of motion just referred to that the motion would be made upon the grounds that the plaintiff was insolvent, that plaintiff had no other money out of which to pay costs or satisfy any judgment and that he, the plaintiff, had "not paid for the shares of stock standing in his name, which the said defendant has elected to purchase and that the decree under which the plaintiff claims is defective and uncertain, and contains provisions which were beyond the jurisdiction of the trial Court to render; . . ."

In another instrument signed by the individual defendant titled "Petition for Deposit in Court and for Order Retaining Fund in Custodia Legis, Pending Trial of Action and Cross-Complaint Pursuant to Section 572, Code of Civil Procedure" it is set forth in effect that the "award" of the commissioners was confirmed by the court although excepted to by the defendants and that Habberstad desired to tender compliance with the decree by depositing in court the money for the shares of the plaintiff.

Appellants now contend that findings are mandatory, that the court was without jurisdiction to render a decision winding up a corporation unless the grounds prescribed by statute are alleged and proved and that in a civil action a prevailing party is entitled to costs unless they are apportioned.

Findings are not required in a special proceeding unless the statute so requires. As stated in *Boggs* v. *North American Bond & Mortgage Co.*, 20 Cal.App.2d 316, 318-319 [66 P.2d 1253]:

"It is also the contention of appellants that the court erred in failing to order findings, and in support thereof rely upon the provisions of section 632 of the Code of Civil Procedure, which, however, merely holds that upon the trial of a question of fact in a civil action findings are necessary. Section 22 of the Code of Civil Procedure defines an action as follows: 'An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong or the punishment of a public offense.' Section 23 provides that every other remedy is a special procedure. The term 'special procedure' is not generally defined by statute, but

as pointed out in Bancroft's Code Practice and Remedies, volume 1, page 141, the term does not have a well-established meaning and includes all civil remedies in courts of justice which are not ordinary actions, or in other words, any proceeding in a court which was not under the common law and equity practice, either an action at law or a suit in chancery. Special proceedings being of statutory origin, do not proceed according to the course of the common law but give new rights and afford new remedies. (*Yuba County* v. *North American etc. Min. Co.,* 12 Cal.App. 223 [107 P. 139].)'' (See *Carpenter* v. *Pacific Mutual Life Ins. Co.,* 10 Cal.2d 307, 328 [74 P.2d 511].)

Counsel has not directed our attention to any section of the Corporations Code which would in effect provide that findings are to be made by the commissioners in connection with valuation proceedings under the sections of the Corporations Code in question.

An action for dissolution of a corporation is a special proceeding. (*Merlino* v. *Fresno Macaroni Manufacturing Co.,* 74 Cal.App.2d 120, 124 [168 P.2d 182].)

The order of the court ''for reference to Commissioners . . .'' was apparently prepared by the attorney for the defendants and we presume that he presented to the judge for signature a document which contained all that he was entitled to under the circumstances. There is nothing on the face of that order which was signed by the judge which leads us to any other conclusion insofar as the matters about which appellants now complain are concerned. There are no clerk minute entries before us.

As heretofore noted the judgment or decree in question is not before this court. We do not know what it might contain. There is no court reporter's transcript. We cannot presume error.

The record before us does not disclose that findings were not waived. The mere nonappearance of findings, if such be the case, does not itself necessarily establish error. There is nothing before this court to show whether the commissioners' fees were or were not fixed by the court.

It is essential that the judgment which is questioned must be in the record on appeal before this court otherwise we cannot review it. The clerk of the superior court prepared the record for this court as directed by the attorney for the appellants. Presumably, the attorney for the appellants directed the clerk to include in the record all of the

instruments and documents which he deemed proper and necessary. Counsel for the appellants made no appearance at the oral argument and we presume that he was satisfied with the record as presently constituted.

The appeal from the judgment is dismissed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied August 15, 1960.