[Civ. No. 26033. First Dist., Div. Three. Jan. 14, 1970.]

THEODORE WEISMAN et al., Plaintiffs and Appellants, v. ROBERT S. ODELL et al., Defendants and Respondents.

## COUNSEL

Elke, Farella, Braun & Martel for Plaintiffs and Appellants.

Steinhart, Goldberg, Feigenbaum & Ladar, Neil E. Falconer, Crimmins, Kent, Bradley & Burns, John L. Bradley and William L. Porter for Defendants and Respondents.

## OPINION

**BROWN (H. C.), J.**—Plaintiffs, minority shareholders in State Guaranty Auxiliary Corporation (State Guaranty) filed the instant action seeking the dissolution of State Guaranty. The respondents Robert S. Odell, Helen P. Odell, Henry R. Alden and Allied Properties were also named as defendants.

Respondent Allied Properties (Allied) is a California corporation which,

at the time the complaint was filed, owned 30,918 shares (11.3 percent) of State Guaranty's common stock. Robert S. and Helen P. Odell (Odell) owned 139,881 shares of State Guaranty common stock (51.4 percent). The balance was owned by approximately 185 persons. The plaintiffs owned 45,244 shares.

The complaint charges respondents Allied and Odell, through their control of State Guaranty's affairs, with persistent unfairness towards minority shareholders. The charging allegations complain that Odell and Allied have: (a) consistently operated State Guaranty and Allied for Odell's personal benefit without regard to the rights of the minority shareholders; (b) consistently purchased Allied common shares in such amounts that the real value of the common stock in Allied and, therefore, the common stock of State Guaranty, cannot be realized by the minority shareholders; (c) refused to declare dividends and have used Allied's earned surplus to purchase stock in State Guaranty and Allied as a means of retaining and increasing Odell's control and excluding minority shareholders from any voice in the operations of those companies; (d) prevented minority shareholders from obtaining any representation on the State Guaranty board of directors and deprived them of any voice in the affairs, business or financing of Allied, and (e) depressed the market price for State Guaranty and Allied stock.

Defendant State Guaranty and respondents Allied and Odell filed demurrers, both general and special, to the plaintiffs' complaint. The lower court overruled State Guaranty's demurrer predicated on the insufficiency of the complaint but sustained the general demurrers of Allied, Odell and Alden without leave to amend. Plaintiffs appeal from this ruling only as to defendants Allied and Odell.

The complaint seeks only to dissolve State Guaranty. No direct relief or damages for any act of respondents was requested in the complaint.

An action for an involuntary dissolution of a corporation is in the nature of a special proceeding in that the proceedings and relief sought are created by statute. (*Rosner* v. *Benedict Heights, Inc.,* 219 Cal.App. 2d 1, 6 [32 Cal.Rptr. 764]; *Esparza* v. *Kadam, Inc.,* 182 Cal.App.2d 802, 807 [6 Cal.Rptr. 450].) Prior to 1931 the courts were not empowered to dissolve a corporation on petition of a minority shareholder. (*Elliott* v. *Superior Court,* 168 Cal. 727 [145 P. 101]; *Collins* v. *Consolidated Water Co.,* 122 Cal.App. 348 [9 P.2d 872].) The power to attack the continued existence of a corporation was vested exclusively in the Attorney General by *quo warranto* proceedings.

The authority and procedure for the involuntary dissolution of a corporation is set forth in Corporations Code section 4650, et seq. Section

4650 provides: "A complaint for involuntary winding up or dissolution of a corporation . . . may be filed in the superior court . . . by the persons described in any of the following subdivisions: (a) One-half of the directors. (b) A shareholder or shareholders who have been record holders for a period of not less than six months and who hold not less than $33\frac{1}{3}$ percent of the number of outstanding shares, exclusive of shares owned by persons who are alleged in the complaint and subsequently found by the court to have personally participated in any of the transactions enumerated in subdivision (e) of Section 4651. (c) Any shareholder if the reason for dissolution is that the period for which the corporation was formed has terminated without extension thereof."

Section 4651 of the Corporations Code sets forth the grounds for which a corporation may be involuntarily dissolved. Subsection (e) allows dissolution when "[t]he directors or those in control of the corporation have been guilty of persistent fraud, mismanagement, or abuse of authority, or persistent unfairness toward minority shareholders, or its property is being misapplied, wasted, or lost by its directors or officers." It is on these grounds, set forth in section 4651, subdivision (e) which appellants base their complaint.

Corporations Code section 4652 provides: "Upon the filing of a verified complaint for involuntary winding up or dissolution of a corporation a summons shall be issued and served on the corporation as in other civil actions."

Corporations Code section 4653 provides in part that "any shareholder or creditor may intervene . . . ."

The sole question presented on this appeal is whether in an action to dissolve a corporation under the provisions of Corporations Code sections 4650, et seq., the plaintiff may join shareholders, as parties defendant, against whom no relief is sought.

In interpreting the dissolution provisions set forth in the Corporations Code, the court in *Cardoza* v. *Millington*, 142 Cal.App.2d 26, 34 [297 P.2d 778], stated: "Section 4650 of the Corporations Code was formerly section 404 of the Civil Code, which was enacted in 1931. Prior to this, only the state and not individual stockholders could maintain an action for involuntary dissolution of a corporation. [Citations.] When such right was created by section 404 it was in derogation of the common law and the section should be strictly construed. [Citation.]"

Corporations Code section 4650, et seq., provide a complete statutory procedure for dissolution. Provisions for naming a stockholder as defendant are not included in any section of the code. Although majority

shareholders could be held liable for damages for breach of a fiduciary obligation to minority shareholders (see *Jones* v. *H. F. Ahmanson & Co.,* 1 Cal.3d 93 [81 Cal.Rptr. 592, 460 P.2d 464]; *Brown* v. *Halbert,* 271 Cal.App.2d 252, 261 [76 Cal.Rptr. 781]; and discussion in 3 Witkin, Summary of Cal. Law (1960) Corporations, § 99, p. 2390 [1967 Supp. p 998]), no such cause was alleged by the instant complaint. Appellants have made it clear that the only relief sought is dissolution of State Guaranty, and that "[t]he gravamen of plaintiff's Complaint is that respondents, as controlling shareholders of SGAC [State Guaranty], have been guilty of persistent unfairness."

■ It is true that section 4650 subdivision (b) of the Corporations Code provides in part that shareholders owning 33⅓ percent of the outstanding shares, exclusive of shares owned by persons who are *alleged in the complaint and subsequently found by the court to have personally participated in persistent unfairness to the minority shareholders,* may institute involuntary dissolution proceedings.

We do not, however, construe section 4650 as meaning that stockholders who are alleged to have participated in wrongful acts (affecting minority stockholders) may be joined as defendants against their will. Its only meaning is that it is necessary to allege and prove the wrongful actions of the specified shareholders in order to exclude their shares in computing whether those instituting the involuntary dissolution proceedings have the required 33⅓ percent of the stock of the corporation under section 4650 subdivision (b) of the Corporations Code.

■ It is fundamental that a person should not be compelled to defend himself in a lawsuit when no relief is sought against him.

The appellants contend that "although in a formalistic sense plaintiffs seek no direct relief from respondents, in a very real sense the relief plaintiffs seek is against respondents. In view of the allegations . . . that SGAC [State Guaranty] is controlled for the benefit of Odell, it can hardly be said that SGAC [State Guaranty] is the real party in interest. Realistically and practically, since respondents are the actual parties in interest, they ought to be held to be the proper parties."

Generally, the real party in interest should be made a party to the action so that the court's orders may be imposed directly. But here the respondents are joined as shareholders. It is not alleged that respondents are directors or that they hold any office or managerial position. No damages are asked for any of the alleged malfeasances, nor do appellants seek to impose any restraints. While it is alleged in the complaint that

dividends have not been paid, appellants do not demand that the court order dividends to be declared. The complaint states that respondents have "[c]aused to be elected to the Board of Directors of SGAC [State Guaranty] only those persons who were, and are, under the domination and control of [respondent] Odell," but the complaint does not pray for any relief against the directors. It cannot seriously be contended that this court is empowered to direct a shareholder in his manner of voting.

█ The sole relief sought is dissolution of State Guaranty. This relief is available, if the allegations of the complaint are proved, and the court has complete power to grant dissolution by order directly to the corporation without resort to the shareholders.

█ We have concluded that respondents may not be compelled to be parties defendant under the pleadings and the trial court did not err in granting respondents' demurrer without leave to amend.

The judgment is affirmed.

Draper, P. J., and Caldecott, J., concurred.