Filed 10/30/14  Western Water v. Western Aggregates CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| WESTERN WATER COMPANY, | |
| Plaintiff and Appellant, | C071359 |
| v. | (Super. Ct. No. 34201000070834CUWMGDS) |
| WESTERN AGGREGATES LLC, | |
| Defendant and Respondent. | |

Plaintiff Western Water Company (Western Water) and defendant Western Aggregates LLC (Aggregates) together had a contract to sell groundwater to Yuba County Water Agency (Agency).[1] The contract provided for an award of attorney fees to

---

[1] The predecessor in interest of Aggregates was Western Aggregates, Inc.; Western Water's predecessor in interest was YG Development Company.  Because the

the prevailing party in any action to enforce the contract's terms. Western Water appeals an order requiring it to pay attorney fees to Aggregates.

This case arose when Western Water sued Agency for breach of contract, alleging that Agency took water without paying for it. Although Aggregates was entitled to half the proceeds of any sale, it declined to join as a plaintiff, so Western Water named Aggregates as a real party in interest. Western Water subsequently added Aggregates as a defendant but still did not assert any claims against Aggregates. On the eve of trial, Aggregates and Western Water both filed motions seeking dismissal of Aggregates. The trial court granted Aggregates' motion and subsequently ordered Western Water to pay Aggregates' attorney fees.

Western Water now contends the trial court erred in ordering Western Water to pay attorney fees to Aggregates. Western Water argues:

I. The attorney fee provision in the contract does not apply because Western Water did not bring a contract enforcement action against Aggregates.

II. Aggregates was not a prevailing party because (A) Aggregates was voluntarily dismissed, (B) Western Water achieved all of its litigation objectives with regard to Aggregates, and (C) there was nothing in dispute between Western Water and Aggregates.

III. The fees and costs incurred by Aggregates were not reasonably necessary.

We conclude that because Western Water initiated a contract enforcement action and named Aggregates as a defendant, the contract authorized an award of attorney fees to the prevailing party; and the trial court did not abuse its discretion in finding that Aggregates was a prevailing party in this litigation. We will affirm the order awarding attorney fees to Aggregates.

circumstances of succession are not at issue, we refer to the parties by their present identities for ease of reference.

2

BACKGROUND

Western Water and Aggregates entered into a contract to sell a specified amount of groundwater to Agency. The May 1991 contract was entitled Yuba Goldfields Water and Easement Agreement. It provided that Agency would pay Western Water and Aggregates for the use of all surface water and a specified amount of groundwater as part of a water delivery system designed to convey water from and across an area in Yuba County called the Goldfields.

In October 2009, Western Water filed a complaint against Agency alleging it had withdrawn additional groundwater without paying for it. Although Aggregates was entitled to one-half of any sum payable by Agency, Aggregates declined to be named as a plaintiff but was identified as "Real Party in Interest." In March 2010, Aggregates made a special appearance to state that it was an unwilling party to the litigation.

Aggregates and Agency entered into a joint defense and tolling agreement at about the time the complaint was filed; Western Water first learned about the agreement during a June 2011 deposition. That same month, after a motion to compel discovery responses from Aggregates, Western Water amended its complaint to name Aggregates as a defendant. At no time did Western Water make any claims against Aggregates and at no time did Aggregates make any claims against Western Water.

Western Water asserts that it always wanted to dismiss Aggregates, but it could not persuade Agency to stipulate that Agency would not seek dismissal of the complaint for failure to join an indispensable party. In December 2011, a few weeks before trial, Western Water filed a motion in limine to prohibit Agency from arguing that Aggregates was an indispensable party. Agency opposed, arguing, among other things, that Aggregates was indispensable because it was a party to the agreement whose rights would be affected by the trial. Aggregates joined the opposition.

On January 5, 2012, three weeks before the start of trial, Aggregates moved to be dismissed because no claims were asserted against it in the operative complaint. That

3

same day, Western Water also moved for an order to dismiss Aggregates and proceed without it. Western Water pointed out that, although Agency continued to assert that Aggregates was indispensable, Agency had entered a tolling agreement with Aggregates so any disputes between them could be resolved later. Western Water opposed Aggregates's motion for dismissal, arguing that the trial court should first determine that Aggregates was not a necessary party.

The trial court issued a tentative ruling determining that Aggregates was not a necessary party and granting the motions to dismiss. At the January 19 hearing on the motions, the trial court said the motions to dismiss would be granted as requested.

The trial court's minute order following the hearing stated that Aggregates was dismissed without prejudice "[a]t the request of [Western Water's] counsel" and that trial was scheduled to begin between the remaining parties a few days later. On the very same day, Western Water filed a voluntary request for dismissal of Aggregates without prejudice. The judgment entered on May 25, 2012, states that the trial court granted Aggregates's motion to dismiss on January 19, 2012.

In February, Aggregates moved for an award of attorney fees. At the same time, it asked that its dismissal be with prejudice so that res judicata could prevent future claims against it, citing a perceived need to "prevent gamesmanship" by Western Water. Western Water opposed, arguing that attorney fees should not be awarded and that res judicata could not bar future actions even if Aggregates were to be dismissed with prejudice because there had been no determination of any legal issues between Western Water and Aggregates.

On April 10, 2012, at the hearing on Aggregates's fee motion, the trial court ordered Aggregates dismissed with prejudice. Western Water unsuccessfully argued that, regardless of the circumstances, the voluntary dismissal of Aggregates in January had deprived the trial court of authority to award attorney fees. The trial court awarded Aggregates costs of $333,784.90, including $310,891.90 in attorney fees.

4

The trial court reasoned that Aggregates was entitled to the fees under paragraph 27 of the "1991 Agreement." Acknowledging that there were no claims explicitly directed against Aggregates in the operative pleadings, the trial court found that the case involved contract issues that "potentially affected Aggregates' contractual rights and liabilities" and that Western Water had treated Aggregates as an adversary essentially aligned with Agency in opposition to Western Water. During oral argument, the trial court observed that the complaint included claims that might have implicated Aggregates for its acts or omissions during contract negotiations, exposing it to an indeterminate share of a 130 million dollar damage claim. The trial court found that Aggregates was the prevailing party because it had achieved its litigation objective of dismissal; the trial court found unpersuasive Western Water's contention that it always shared the same objective and that Western Water also prevailed.

DISCUSSION

Western Water contends the trial court erred in ordering Western Water to pay attorney fees to Aggregates.

"[T]o determine whether an award of attorney fees is warranted under a contractual attorney fees provision, the reviewing court will examine the applicable statutes and provisions of the contract." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.) This review is de novo. (*Ibid*.)

If we conclude there is a proper legal basis for the award, we then review the trial court's determination of which party is the prevailing party for an abuse of discretion. (*Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 94.) We do not reweigh the evidence and, to the extent the trial court made factual determinations in the course of awarding attorney fees, our review is limited to an inquiry of whether the trial court's factual findings are supported by substantial evidence. (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587.)

5

# I

We begin with de novo review to determine whether an award of attorney fees was authorized under the contract. Code of Civil Procedure section 1021 codifies the " 'American' rule" that each party to litigation ordinarily bears the expense of his or her own attorney fees. (*City and County of San Francisco v. Sweet* (1995) 12 Cal.4th 105, 115 & fn. 7.) But Civil Code section 1717 provides an exception where the parties' dispute is over a contract that includes an attorney fee provision.[2] (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610.)

Here, the governing contract provided in pertinent part: "In the event of an action at law or in equity between the Parties to enforce any of the provisions of and/or rights under this Agreement, the prevailing party shall be entitled to collect from the nonprevailing party all costs and expenses, including reasonable attorneys' fees, incurred therein by such prevailing party."

Western Water argues it should not have to pay Aggregates's attorney fees because there was no contract enforcement action between it and Aggregates. Western Water claims its dispute was with Agency, not Aggregates; it named Aggregates only because there was no other way to keep Agency from moving to dismiss for failure to include an indispensable party.

It is true that Agency claimed Aggregates was an indispensable party, and that Agency and Aggregates opposed Western Water's motion in limine seeking to prevent Agency from claiming that Aggregates was an indispensible party. If a person or entity

---

**2** "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." (Civ. Code, § 1717, subd. (a).)

meeting the description in Code of Civil Procedure section 389 (pertaining to necessary and indispensible parties)[3] cannot be made a party, a court may weigh certain equitable factors and designate the absent person or entity indispensable, then dismiss the action without prejudice. (Code Civ. Proc., § 389, subd. (b).) But by the time Agency and Aggregates opposed the motion in limine, Western Water had already added Aggregates as a defendant. Aggregates was already subject to service of process and its presence did not deprive the trial court of jurisdiction; moreover, there is no indication that the trial court could not have ordered joinder if Aggregates had not been named or that the trial court ever considered dismissing the action on the basis of Aggregates's being indispensable, irrespective of any real or perceived threat by Agency. (See *Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 793 [citing 1940 California Supreme Court authority emphasizing that section 389 is a discretionary rule of fairness, and should not be employed as an arbitrary and burdensome way to thwart justice].)

Even if Aggregates had not been named and Agency had pressed the issue, absence of an indispensable party does not necessarily deprive the court of jurisdiction over the subject matter. (*Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 365.) Accordingly, we are not convinced that Western Water had to name Aggregates and could not dismiss it without a stipulation from Agency or a trial court

---

[3] Code of Civil Procedure section 389, subdivision (a) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."

7

order. " '[A] person is regarded as indispensable only in the conclusory sense that in his absence, the court has decided the action should be dismissed.' Where the decision is to proceed, 'the court has the power to make a legally binding adjudication between the parties properly before it.' " (4 Witkin, Cal. Proc. (5th ed. 2008) Pleading, § 182, p. 254, quoting Cal. Law Revision Com. com., 14 West's Ann. Code Civ. Proc. (2004 ed.) § 389, pp. 418-419.)

Aggregates argues that the attorney fee provision in the contract clearly applies here because Western Water filed a complaint for breach of contract seeking to enforce the terms of the contract between the parties to the contract; Western Water involuntarily named Aggregates as a defendant, forcing it to participate and respond to discovery until it successfully moved for dismissal; and Aggregates's rights and liabilities under the contract could have been affected in the action. In its March 2010 special appearance, Aggregates warned that it intended to seek recovery of its attorney fees under the 1991 agreement.

We agree with Aggregates. Although Western Water did not assert causes of action against Aggregates, it initiated suit for breach of contract, named Aggregates as a party to the litigation, and forced Aggregates to participate in the litigation until dismissal was entered. The lawsuit was a contract enforcement action involving Aggregates as a named defendant, and under those circumstances the contract authorized an award of attorney fees to the prevailing party.

## II

We next determine whether the trial court abused its discretion in ruling that Aggregates was a prevailing party.

A court determines which party is the "prevailing party," whether or not the case proceeds to final judgment, by determining which party "recovered a greater relief." (Civ. Code, § 1717, subd. (b)(1).) A trial court has broad discretion to determine which party obtained greater relief. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.)

8

## A

Western Water contends Aggregates was not a prevailing party because it was voluntarily dismissed.

"Where an action has been voluntarily dismissed" there shall be no prevailing party under Civil Code section 1717. (Civ. Code, § 1717, subd. (b)(2).) Here, however, the dismissal of Aggregates was not voluntary, but was ordered by the trial court when it granted Aggregates's motion to dismiss. Although Western Water also attempted a voluntary dismissal, that attempt was not filed until after the trial court issued its tentative ruling granting Aggregates's motion to dismiss. Western Water's contention lacks merit. (See *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 195-205 [the right to voluntarily dismiss without prejudice is cut off by a court's public and formal indication of its decision].)

## B

Western Water next claims Aggregates was not a prevailing party because Western Water achieved all of its litigation objectives with regard to Aggregates. Even if that were true, Western Water has not established that the trial court abused its broad discretion in ruling that Aggregates was the prevailing party because Aggregates achieved its litigation objective, an order of dismissal. Although the dismissal merely confirmed that the litigation could proceed without Aggregates (see *Weisman v. Odell* (1970) 3 Cal.App.3d 494, 498), that was nonetheless a victory for Aggregates.

## C

Similar to the argument advanced by Western Water in part I, *ante*, Western Water argues that Aggregates was not a prevailing party because there was nothing in dispute between Western Water and Aggregates. As we explained in part I, however, although Western Water never asserted causes of action against Aggregates, it nonetheless forced Aggregates to appear and litigate the matter until Aggregates could obtain an order of dismissal.

9

III

Western Water further contends the trial court erred because the fees and costs incurred by Aggregates were not reasonably necessary.  It argues that Aggregates expended attorney fees only because it preferred defending itself from potential claims to filing an early demurrer, making its participation in the litigation merely "convenient or beneficial" and not "reasonably necessary."  We decline to second-guess the trial court's assessment of the extent to which Aggregates' attorney fees were "necessary."  (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [stating broad authority of trial courts to determine the amount of an attorney fee award].)  Although Aggregates might have limited its attorney fees by seeking an earlier resolution, Western Water could have done the same.  (See *Kraus v. Willow Park Public Golf Course, supra,* 73 Cal.App.3d at p. 365 [a court is not necessarily deprived of jurisdiction by the absence of an indispensable party].)  The trial court did not abuse its discretion by awarding reasonable attorney fees to Aggregates.

DISPOSITION

The order awarding attorney fees to Aggregates is affirmed.  Aggregates shall recover its costs on appeal.

           MAURO        , J.

We concur:

        HULL        , Acting P. J.

        ROBIE        , J.

10